

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00361-CR

ALEXANDER RAY CASTILLO,

                                                      Appellant

 v.

THE STATE OF TEXAS,

                                                      Appellee

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 18-05006-CRF-272

## MEMORANDUM  OPINION

The jury convicted Alexander Castillo of the offense of aggravated robbery and

assessed punishment at twenty years confinement.  *See* TEX. PENAL CODE. ANN. § 29.03

(West).  We affirm.

### BACKGROUND FACTS

Dakota James testified that on December 12, 2018, she was working the night shift

at a smoke shop.  Around 11:15 p.m., a man walked in without a shirt and said that he

was going to rob her.  James noticed the man had a gun in his hand.  James gave the man

$40 from the register, and the man left the shop. James called the police and gave a detailed description of the person who entered the shop and asked for money. The police later took James to Walmart where an individual matching the description she had given was located. James positively identified Castillo as the person who robbed her.

## COMMITMENT QUESTION

In the first issue, Castillo argues that the trial court erred in allowing the State to ask an improper commitment question in violation of *Standefer v. State*, 59 S.W.3d 177 (Tex. Crim. App. 2001). Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact. *Standefer v. State*, 59 S.W.3d at 179. Often, such questions ask for a "yes" or "no" answer, in which one or both of the possible answers commits the jury to resolving an issue a certain way. *Id.* The inquiry for improper commitment questions has two steps: (1) Is the question a commitment question, and (2) Does the question include facts--and only those facts--that lead to a valid challenge for cause? *Standefer v. State*, 59 S.W.3d at 182. If the answer to (1) is "yes" and the answer to (2) is "no," then the question is an improper commitment question, and the trial court should not allow the question. *Standefer v. State*, 59 S.W.3d at 182-183.

The State explained the difference between theft, robbery, and aggravated robbery to the jury panel using photographs of various situations. The State asked prospective jurors what was happening in the photograph and then discussed the differences in theft, robbery, and aggravated robbery by adding additional facts to the scenarios depicted in the photographs. While showing one photograph, the State introduced additional facts

for context and said that they were looking at a bank and that a person was demanding cash from the teller. Castillo's trial counsel objected that the State was trying to commit the jurors to a particular decision related to the specific facts of this case. The State responded that they had not asked a question at that point. The trial court overruled the objection.

The State continued discussing the difference between "using" a deadly weapon and "exhibiting" a deadly weapon. The State asked, "Is there anybody here this morning, knowing what the law is, that says, exhibiting a deadly weapon, this could never be an aggravated robbery, no matter what?" Castillo's trial counsel renewed the objection under *Standefer*, and the trial court overruled the objection. Viewed in context, the question was not an improper commitment question. The State attempted to explain the difference between theft, robbery, and aggravated robbery and also explained the difference between "using" a deadly weapon and "exhibiting" a deadly weapon. The State then questioned whether the prospective jurors could follow the law. We overrule the first issue.

## ADMISSION OF EVIDENCE

In the second and third issues, Castillo argues that the trial court erred in admitting testimony. We review a trial court's admission or exclusion of evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App.

1990).  When considering a trial court's decision to admit or exclude evidence, we will not reverse the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Id*. at 391; *see Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

## OPINION TESTIMONY

In the second issue, Castillo contends that the trial court abused its discretion in allowing James to give her opinion that he intended to place her in imminent fear of bodily injury violating the province of the jury and Rule 701 of the Texas Rules of Evidence.  On redirect examination, the State asked James whether Castillo was carrying the gun as an "open carry" type situation.  The State asked, "based on your observation of how the gun was used in that situation, was it clear or unclear to you that it was being used to place you in fear so that the defendant could obtain money?"  James responded that it was clear the gun was being used to place her in fear.

Previously on direct examination, the State asked James, "was it clear to you that he was using the gun in a way to get you to give him the money?"  James responded, "Yes, it was very clear."  Overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.  *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  Because the same evidence was admitted without objection, we overrule Castillo's second issue on appeal.

## RELEVANT EVIDENCE

In the third issue, Castillo complains that the trial court erred in allowing irrelevant evidence in violation of Rules 401, 402, and 403 of the Texas Rules of Evidence.

James testified that when Castillo entered the shop and demanded money, he told her that he needed the money because his daughter was sick and that he needed gas money to go visit her in Houston. The State called the mother of Castillo's daughter to testify that her daughter was not sick as Castillo had told James. The mother of Castillo's daughter testified that she had not been diagnosed with a life-threatening illness and that she was not in Houston at the time of the offense.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Evidence that is not relevant is inadmissible. TEX. R. EVID. 402; see *Montgomery v. State*, 810 S.W.2d 372, 386 (Tex. Crim. App. 1990) (op. on reh'g). Castillo argues that whether his daughter was sick or not was not relevant to whether he committed the offense of aggravated robbery.

James testified that she empathized with Castillo, and it made her want to help him when he told her his daughter was sick. On cross-examination, James said that Castillo appeared remorseful for robbing her and had tears in his eyes. Also on cross-examination, trial counsel asked if it was possible Castillo mentioned lymphoma, and James responded that it was lymphoma. The child's mother testified that she had a birth defect called lymphangioma, but that it was not life-threatening.

The trial court found that the testimony was relevant because it "confirms what [James is] saying happened to her at the scene." We cannot say that the trial court abused its discretion in finding the evidence relevant. The State had to prove that Castillo was

the person who entered the shop and demanded money. The evidence tends to show that Castillo was the person who committed the aggravated robbery.

At trial, Castillo objected that the testimony was not relevant. Castillo did not make an objection that the probative value was substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence under Rule 403. Because Castillo did not make an objection under Rule 403 at trial, he did not preserve that complaint for appellate review. *See Graves v. State*, 452 S.W.3d 907, 913 (Tex. App. —Texarkana 2014, pet. ref'd). We overrule the third issue.

### CONCLUSION

We affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Rose[1]
Affirmed
Opinion delivered and filed September 8, 2021
Do not publish
[CRPM]



---

[1] The Honorable Jeff Rose, Former Senior Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.